UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RICHARD ALLEN COPE,

    Plaintiff,

v.                                               CAUSE NO. 3:21-CV-667 DRL-MGG

CITY OF MICHIGAN CITY *et al.*,

    Defendants.

## OPINION AND ORDER

Richard Allen Cope, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Mr. Cope alleges that, on August 1, 2019, he reported that his ex-wife was using drugs while caring for their minor son. The report was referred to the LaPorte County D.C.F. office. A D.C.F. worker forwarded the report to Marty Corley, a Michigan City Police Officer, for investigation. Mr. Cope was arrested on August 8, 2019, by unknown officers for false reporting. He was able to post bond two or three days later, but he lost his employment because of the arrest. The charges were dismissed on August 16, 2021.

Mr. Cope has sued Marty Corley asserting that he was responsible for his arrest without probable cause. "An arrest or search pursuant to a valid warrant is presumptively constitutional unless the officer seeking the warrant intentionally or recklessly misstated or omitted material facts to obtain the warrant, and there would not have been probable cause had the testimony been accurate." *Gatzimos v. Garrett*, 431 Fed. Appx. 497, 500 (7th Cir. 2011). Mr. Cope does not plausibly allege any material facts were misstated or omitted by Marty Corley to obtain a warrant for his arrest. A disagreement with the judge's determination that the alleged facts were enough to issue the warrant does not render a warrant invalid. Therefore, Mr. Cope may not proceed against Marty Corley for any role he may have played in obtaining a warrant for Mr. Cope's arrest.

Mr. Cope also suggests that he was maliciously prosecuted. "To state a claim for malicious prosecution under § 1983, a plaintiff must demonstrate that: (1) he has satisfied the requirements of a state law cause of action for malicious prosecution; (2) the malicious prosecution was committed by state actors; and (3) he was deprived of liberty." *Washington v. Summerville*, 127 F.3d 552, 558–59 (7th Cir. 1997). "Under Indiana law, '[t]he elements of a malicious prosecution action are: (1) the defendant instituted or caused to be instituted an action against the plaintiff; (2) the defendant acted maliciously in so doing; (3) the defendant had no probable cause to institute the action; and (4) the original action was terminated in the plaintiff's favor.'" *Golden Years Homestead, Inc. v. Buckland*, 557 F.3d 457, 462 (7th Cir. 2009). Mr. Cope cannot proceed on either a federal or state law claim for malicious prosecution because he has

2

alleged no facts from which it can be plausibly inferred that Marty Corley was acting maliciously in instituting or causing to be instituted an action against Mr. Cope.

Mr. Cope further alleges that Marty Corley's actions were in retaliation for participating in a peaceful protest in front of the Michigan City Police Department in August 2018 and for prior criminal charges relating to an animal. "To prevail on his First Amendment retaliation claim, [Mr. Cope] must show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendant['s] decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012) (quotation marks and citations omitted). Mr. Cope has not identified any activity protected by the First Amendment in relationship to his prior criminal charges. As for the peaceful protest in August 2018, Mr. Cope has not pleaded any facts from which it can be plausibly inferred that his participation in the protest was a motivating factor in the decision to investigate or charge him a year later.[1]

Mr. Cope also sued Dion Campbell, the Michigan City Chief of Police. However, the complaint does not suggest that Mr. Campbell was personally involved in the decision to investigate or charge Mr. Cope with false reporting. Rather, Mr. Cope alleges he voiced his complaints to Mr. Campbell in a written correspondence on May 20, 2021, and Mr. Campbell did not respond or discipline any officers in response to Mr. Cope's

---

[1] Mr. Cope alleges that other officers have also retaliated against him by arresting him on other charges without probable cause. Those officers are not defendants in this action, and their alleged retaliation does not permit an inference that Marty Corley retaliated against Mr. Cope when making decisions regarding the August 2019 incident.

3

correspondence. Defendants cannot be held individually liable based solely on their supervisory position over others or their status as an employer. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id.* at 596.

Mr. Cope further alleges that Mr. Campbell failed to train staff. "An allegation of a 'failure to train' is available only in limited circumstances," and this is not such a case. *Cornfield v. Consolidated High School Dist. No. 230*, 991 F.2d 1316, 1327 (7th Cir. 1993). A failure to train claim requires that "the policymakers had acquiesced in a pattern of constitutional violations." Mr. Cope alleges that he has been subjected to three separate arrests without probable cause, but he has not plausibly alleged facts from which it can be inferred that those arrests were without probable cause and, if they were, that they were the result of a failure to train as opposed to individual wrongdoing on the part of the officers involved. Therefore, he may not proceed against Dion Campbell.

Mr. Cope has also named two unknown Michigan City Police Officers, an unknown LaPorte County D.C.F. caseworker, and an unknown D.C.F. supervisor. The case cannot proceed against unnamed defendants. *See Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) ("[I]t is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff."). Furthermore, the complaint does not allege facts from which it can be plausibly inferred that any of the unnamed defendants acted with malice or a retaliatory motive in initiating the prosecution of Mr. Cope.

4

Mr. Cope has also sued Michigan City. A municipality may only be held liable for constitutional violations caused by the municipality through its own policy, practice, or custom. *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 694, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). To recover under *Monell*, a plaintiff must establish that (1) he suffered a deprivation of a federal right (2) as a result of an express municipal policy, a widespread custom, or a deliberate act of a decision-maker with final policymaking authority for the municipality that (3) was the proximate cause of his injury. *King v. Kramer*, 763 F.3d 635, 649 (7th Cir. 2014). Under *Monell*, municipal entities "cannot be held liable for the unconstitutional acts of their employees unless those acts were carried out pursuant to an official custom or policy." *Grieveson v. Anderson*, 538 F.3d 763, 771 (7th Cir. 2008) (citations omitted). Here, the complaint does not allege a deprivation of a federal right. Even if Mr. Cope's allegations did amount to a federal violation, he has not alleged facts from which it can be plausibly inferred that the decision to prosecute him was the result of a municipal policy, custom, or practice. Therefore, he cannot proceed against Michigan City.

Finally, Mr. Cope alleges an equal protection violation. To proceed on a claim under the Equal Protection Clause, a plaintiff must demonstrate that he or she was treated different than other similarly situated individuals. *Chavez v. Illinois State Police*, 251 F.3d 612, 636 (7th Cir. 2001); *Johnson v. City of Fort Wayne, Ind.*, 91 F.3d 922, 944-45 (7th Cir. 1996). It is not clear what Mr. Cope is alleging here, but it is clear that he has not identified any similarly situated individuals that were treated more favorably than he was treated on any basis. Therefore, he has not stated a claim under the Equal Protection Clause.

5

This complaint does not state a claim for which relief can be granted. Nevertheless, Mr. Cope may file an amended complaint if he believes he can state a claim based on (and consistent with) the events described in this complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form.[2] After he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

For these reasons, the court:

(1) GRANTS Richard Allen Cope until **March 11, 2022**, to file an amended complaint; and

(2) CAUTIONS Richard Allen Cope that, if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

February 11, 2022                                  *s/ Damon R. Leichty*
                                                             Judge, United States District Court

---

[2] The form is available on the court's website at https://www.innd.uscourts.gov/sites/innd/files/prcmplnt.pdf.